**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DOMENIQUE TAYLOR** **PLAINTIFFS**
**GEORGE H. CARTER, JR.**

**v.** **CASE NO. 4:26-cv-00724-BSM**

**USA, *et al.*** **DEFENDANTS**

**ORDER**

Domenique Taylor's motion to proceed *in forma pauperis* (IFP) for herself [Doc. No. 1] is granted because she reports little income and no savings. Her motion for IFP on behalf of her step-father, George Carter, who she lists as an "adult child" over whom she has power of attorney is denied. Doc. No. 1 at 2. Taylor cannot represent Carter's interests because that would be the unauthorized practice of law. *Jones ex rel. Jones v. Correctional Medical Services*, 401 F.3d 950, 952 (8th Cir. 2005). To proceed, Carter must file his own motion to proceed IFP and sign the complaint. Should Carter lack the capacity to represent himself, a licensed lawyer must be retained to represent him.

Taylor's motions for leave to file exhibits [Doc. Nos. 3 & 4] and to include late/supplemental exhibits [Doc. No. 6] are granted; her motion for temporary restraining order [Doc. No. 5] is denied; and the clerk is directed to stay and administratively terminate this case. These rulings are appropriate because Taylor has a criminal case pending in the Pulaski County District Court which arises out of the arrest that forms the basis for this lawsuit. *See State v. Taylor*, PCS-26-1716. Indeed, Taylor is suing defendants for improperly having her arrested while she was visiting the VA hospital on behalf of Carter.

She alleges that defendants lured her to the VA hospital in order to arrest her under the guise of hand delivering Carter's paperwork. *Id*. In addition to money damages, Taylor is seeking to enjoin her prosecution. Although Taylor may not proceed with these claims until her state criminal case has resolved, *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999), she can move to reopen this case once the criminal case and appeals have been exhausted.

Taylor is directed to move to reopen this case within sixty days of the final disposition of her state criminal case. Failure to do so may result in this case being dismissed without prejudice.

IT IS SO ORDERED this 28th day of August, 2026.

UNITED STATES DISTRICT JUDGE